health certificate as required by law does not invalidate an otherwise legal marriage; but such failure to comply with the statute in this respect, if true, does make the plaintiff and the defendant herein subject to indictment, and, if convicted, to the infliction of the penalty or penalties provided for the violation of G.S. 51-14.

The findings of the court below are not binding on the parties nor receivable in evidence in the trial of the case on its merits. *Bumgarner v. Bumgarner,* 231 N.C. 600, 58 S.E. 2d 360; *Barwick v. Barwick,* 228 N.C. 109, 44 S.E. 2d 597.

Moreover, the amounts allowed to a plaintiff for subsistence *pendente lite* and for counsel fees are determined by the trial judge in his discretion and are not reviewable on appeal unless there has been an abuse of discretion. *Cunningham v. Cunningham,* 234 N.C. 1, 65 S.E. 2d 375; *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226. No abuse of discretion is made to appear.

The order of the court below allowing alimony *pendente lite* and awarding counsel fees will be upheld.

Affirmed.

---

NOLAND COMPANY, INCORPORATED v. MARSH FURNITURE COMPANY, A CORPORATION.

(Filed 6 May, 1959.)

APPEAL by defendant from *Phillips, J.,* at October 20, 1958, Civil Term of GUILFORD— Greensboro Division.

Civil action to recover $1,905.10 on alleged breach of contract as set forth in complaint. Defendant answering, denies allegations of complaint, and averred matter in affirmative defense and for counterclaim.

The parties waived jury trial and agreed that the court sitting without a jury should hear and determine the controversy, and make its findings of fact and answer the issues arising herein. And the parties stipulated and agreed upon a statement of facts.

After hearing, the court having answered the issues in favor of the plaintiff, as appears of record, ordered, adjudged and decreed that the plaintiff have and recover of defendant the sum for which judgment is prayed in the complaint. To the judgment and the signing thereof defendant excepts and appeals to Supreme Court, and assigns error.

*Wharton & Wharton, A. L. Purrington, Jr., for plaintiff, appellee. Roberson, Haworth & Reese for defendant, appellant.*

PER CURIAM. After careful consideration of the matters to which assignments of error relate, error is not made to appear. Hence the judgment from which appeal is taken is

Affirmed.

---

## STATE v. CLARENCE PUGH.

(Filed 20 May, 1959.)

### Criminal Law § 114: Homicide § 29—

In a prosecution for murder in the first degree it is prejudicial error for the court, after giving correct instructions on the discretionary right of the jury to recommend life imprisonment, to charge further on the contentions of the State that in view of the manner in which the offense was committed the jury should not recommend life imprisonment. G.S. 14-17.

DENNY, J., concurring.

HIGGINS, J., dissenting.

PARKER, J., concurs in dissent.

APPEAL by defendant from *Mallard, J.,* at September 1958 Term of LEE.

Criminal prosecution upon a bill of indictment charging defendant Clarence Pugh with murder in the first degree of one Charles Otis Nodine.

Plea: Not guilty.

Upon the trial in Superior Court the State offered evidence—the defendant offering none— and the case was submitted to the jury under the charge of the court.

Verdict: The Jurors, upon their oath say that the said Clarence Pugh is guilty of the felony and murder in the manner and form as charged in the bill of indictment.

Judgment: Death by inhalation of lethal gas as provided by law.

Defendant objects and excepts and gives notice of appeal, and appeals to the Supreme Court, and assigns error, and is permitted to appeal without making bond, that is, *in forma pauperis.*